UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Respondent,<br>    v.<br><br>FRANCISCO RODRIGUEZ-TRUJILLO,<br><br>                Defendant-Movant. | Case No. 4:11-cv-00593-BLW<br><br>          4:08-cr-00240-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Before the Court is Francisco Rodriguez-Trujillo's Petition for Writ of Error *Coram Nobis* (Civil Dkt. 4[1]). As explained below, *coram nobis* is not available to movant. The Court will therefore treat the petition as a response to this Court's earlier order, which directed Rodriguez-Trujillo to show cause as to why his earlier-filed § 2255 motion should not be dismissed as untimely. *See Order,* Civil Dkt. 3. Having considered the briefing and the record, the Court will dismiss Rodriguez-Trujillo's § 2255 motion as untimely.

---

[1] Citations to the Civil Docket refer to entries in this civil matter – Case No. 4:11-cv-00593-BLW. Citations to the Criminal Docket refer to entries in the criminal matter – Case No. 4:08-cr-00240-BLW.

## BACKGROUND

In August 2009, Rodriguez-Trujillo, a lawful permanent resident of the United States, pleaded guilty to one count of unlawfully using a communication facility under 21 U.S.C. § 843(b). On January 27, 2010, this Court sentenced Rodriguez-Trujillo to 24 months in prison, to be followed by a one-year term of supervised release.

Rodriguez-Trujillo alleges that in April 2011, the Department of Homeland Security initiated removal proceedings based on his conviction.[2] Several months later, in December 2011, he filed a motion to vacate, set aside, or correct his sentence based on 28 U.S.C. § 2255. *See* Civil Dkt. 1. Rodriguez-Trujillo alleged, among other things, that in light of *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), his attorney deficiently performed by failing to advise him that his guilty plea would make his deportation presumptively mandatory.

Shortly after Rodriguez-Trujillo filed his § 2255 motion, this Court notified him that his motion would be dismissed as untimely under § 2255's one-year statute of limitations unless he presented evidence that he had diligently pursued his rights and extraordinary circumstances prevented him from timely filing his motion. *See Jan. 7, 2012 Order,* Civil Dkt. 1. Rodriguez-Trujillo responded with his pending Petition for Writ of Error *Coram Nobis*. *See* Civil Dkt. 4.

## ANALYSIS

---

[2] The petition alleges that the Rodriguez-Trujillo received a notice of removal proceedings on *April* 8, 2011. The notice to appear attached to the petition, however, is dated *August* 8, 2011. *See Aug. 8, 2011 Notice of Removal,* Civil Dkt. 4-2. This discrepancy does not affect the Court's analysis; either way Rodriguez-Trujillo is not entitled to relief.

1. **Rodriguez-Trujillo Was "In Custody" When He Filed His § 2255 Motion and His *Coram Nobis* Petition**

*Coram nobis*[3] is an extraordinary writ, used only to review errors of the most fundamental character. District courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a). *United States v. Morgan,* 346 U.S. 502, 506-07 (1954). To warrant *coram nobis* relief, a petitioner must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character. *Matus-Leva v. United States,* 287 F.3d 758, 760 (9th Cir. 20*02). Because these requirements are conjunctive, failure to meet any one of them is fatal. *Id.*

Rodriguez-Trujillo cannot satisfy the first requirement – that a more usual remedy is unavailable – because he was still in custody when he filed his December 2011 § 2255 motion and his February 2012 *coram nobis* petition. "A person in custody may seek relief pursuant to 28 U.S.C. § 2255." *Id.* Thus, "[b]ecause the more usual remedy of a habeas petition is available, the writ of error *coram nobis* is not." *Id.* This is true even if a § 2255 motion would be time-barred. *Id.* As the Ninth Circuit has explained:

> A petitioner may not resort to *coram nobis* merely because he has failed to meet the AEDPA's[4] gatekeeping requirements. To hold otherwise would

---

[3] *Coram nobis* means, literally, "before us." *Black's Law Dictionary* 388 (9th ed. 2009). Historically, *coram nobis* was a writ of error taken from a judgment of the King's bench. *Id.* Today, it is a "writ or error directed to a court for review of its own judgment and predicated on alleged errors of fact." *Id.*

[4] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, signed into law on April 24, 1996.

circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions.

*Id.* at 761.

The Court's records do not reflect when Rodriguez-Trujillo completed his prison term, but, regardless, he was on supervised release until at least August 7, 2012. *See Discharge Order,* Criminal Dkt. 533 (October 12, 2012 order terminating supervised release, which expired on August 7, 2012). Being "in custody" is not limited to actual, physical custody. *See Jones v. Cunningham,* 371 U.S. 236, 239 (1963). Rather, a person is "in custody" if is serving a term of supervised release because he has restrictions on his liberty that are not "not shared by the public generally." *Id.* at 240; *see also, e.g., Matus-Leva,* 287 F.3d at 761 (9th Cir. 2002) (petitioner was on supervised release and therefore "in custody"). Further, the time for determining custody is the time when the § 2255 motion is filed. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *see also Bawaneh v. United States,* 2011 WL 1465775, at *6 (C.D. Cal. Apr. 18, 2011) (determining that *coram nobis* was unavailable to a defendant who filed his § 2255 motion a month before probation ended). C*oram nobis* is thus unavailable to Rodriguez-Trujillo.

**2.      Timeliness of the § 2255 Motion**

The next question is whether Rodriguez-Trujillo's § 2255 motion is timely. There is a one-year limitation period for these motions, which runs from the latest of

(1)      the date on which the judgment of conviction becomes final;

. . .

>    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1), (3), and (4).[5]

Because Rodriguez-Trujillo's judgment became final on February 10, 2010, his deadline to file a § 2255 motion was February 10, 2011. *See Order,* Civil Dkt. 3. His December 2011 motion is thus untimely under subsection (f)(1).

The motion is also untimely under subsection (f)(3), which deals with "newly recognized" rights that are retroactively applicable. First, to the extent Rodriguez-Trujillo argues *Padilla v. Kentucky* created a "newly recognized right," he was required to file his § 2255 motion within one year of the decision. *See Dodd v. United States,* 545 U.S. 353, 357 (2005). He did not. *Padilla* was decided in March 2010 and Rodriguez-Trujillo filed his petition in December 2011. Moreover, the Supreme Court recently held that *Padilla* is not retroactively applicable to cases on collateral review. *See Chaidez v. United States,* ___ S. Ct. ___, 2013 WL 610201, at *10 (Feb. 20, 2013) ("defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding").

Rodriguez-Trujillo's motion is also untimely under subsection (f)(4). Subsection (f)(4) is, effectively, a tolling statute. *Clarke v. United States,* --- F.3d ---, 2013 WL

---

[5] Subsection (f)(2) is not applicable here.

85935, at *2 (7th Cir. 2013). Under § 2255(f)(4), the limitation period begins running on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(4). A lawyer's failure to inform his client about adverse immigration consequences could be a "fact" supporting a claim of ineffective assistance of counsel. *See id.; see generally* Padilla v. Kentucky, 130 S. Ct. 1473 (2010).

Rodriguez-Trujillo does not directly invoke subsection (f)(4), but he generally argues that his motion is timely because he did not become aware that his counsel had rendered ineffective assistance until "he was actually detained . . . ." *Petition*, Civil Dkt. 4, at 8. (Presumably, the reference to being "detained" refers to the August 2011 notice Rodriguez-Trujillo received from the Department of Homeland Security. *See August 8, 2011 Notice to Appear, Ex. A to Petition,* Civil Dkt. 4-2). So, under subsection (f)(4)'s tolling provisions, the key question is when Rodriguez-Trujillo could have discovered facts supporting a claim that his attorney failed to advise him that he would likely be deported as a result of his guilty plea.

The timing is fairly straightforward. On August 11, 2009 – well over a year before he filed his § 2255 motion – Rodriguez-Trujillo pleaded guilty. During the plea hearing, Judge Shubb advised Rodriguez-Trujillo that his guilty plea could result in deportation:

> Court:   Do you understand that your plea of guilty could result in your being deported from the United States?
>
> Rodriguez:   Yes, I understand.

*Transcript of Hearing,* Criminal Dkt. 530, at 7:23-25.

So by August 11, 2009, Rodriguez-Trujillo should have known that his attorney had failed to advise him of the immigration consequences of his plea. Other district courts facing similar factual situations have also pegged the plea hearing date as the time when the one-year period under § 2255(f)(4) begins to run. *See, e.g., Tavira v. United States,* 2011 WL 5975817 (M.D. Fla. Nov. 28, 2011); *Gacko v. United States,* 2010 WL 2076020, at *2 (E.D.N.Y. May 20,* 2010); *Tacata v. United States,* 2007 WL 1303018 (D. Haw. May 2, 2007); *Salama v. United States,* 2005 WL. 1661830 (E.D.N.Y. July 15, 2005).

The Seventh Circuit also addressed a somewhat similar scenario in *Clarke v. United States,* --- F.3d ---, 2013 WL 85935 (7th Cir. 2013). In *Clarke*, the defendant's attorney "mentioned possible immigration consequences" to her before she pleaded guilty. *Id.* at *2. As is the case here, however, the defendant did not file her § 2255 motion until a few months after the Department of Homeland Security instituted removal proceedings. *Id.* at *1. The court rejected defendant's § 2255(f)(4) tolling argument, holding that "the date of her guilty plea was the date on which her duty of diligent inquiry arose. She had loads of time to discover the possible immigration consequences of her plea of guilty." *Id.* at *2 (internal citations omitted).

The same is true here. On August 11, 2009, when Judge Shubb told Rodriguez-Trujillo he could be deported as a result of pleading guilty, his duty of diligent inquiry arose. Yet he did not file a § 2255 motion until over two years later, in December 2011.

The Court therefore concludes that his § 2255 motion is time barred.[6] *Cf. United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (rejecting a § 2255(f)(4) tolling argument, observing that "[s]urely due diligence requires Battles to consult his own memory of the trial proceedings").

Finally, Rodriguez-Trujillo's reliance on *United States v. Kwan*, 407 F.3d 1005 (9th Cir. 2005), *overruled on other grounds by Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), is unavailing. *Kwan* dealt with a properly filed *coram nobis* petition. Unlike § 2255 motions, *coram nobis* petitions are not governed by any a statute of limitations. Rather, petitioners must only show "sounds reasons" for not attacking their convictions earlier. *Id.* at 1014. As already explained, Rodriguez-Trujillo cannot properly bring a *coram nobis* petition and is therefore governed by § 2255's one-year statute of limitations.

## CERTIFICATE OF APPEALABILITY

The Court denies any request for a certificate of appealability. To pursue an appeal from the denial or dismissal for writ of habeas corpus brought by a federal prisoner under 28 U.S.C. § 2255, the movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). When a district court denies a § 2255 motion on a procedural ground, without reaching the underlying constitutional claim, a certificate of appealability should issue only if (1) "jurists of

---

[6] For essentially the same reasons, the Court determines that equitable tolling – which requires a diligent pursue of rights – is not available to Rodriguez-Trujillo. *See generally United States v. Aguirre-Ganceda,* 592 F.3d 1043, 1045 (9th Cir. 2010).

reason" would find the district court's procedural ruling debatable, and (2) the petition states a valid claim that constitutional rights were denied.  *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Here, the Court does not believe reasonable jurists would debate the Court's procedural ruling regarding the untimeliness of the § 2255 motion.  The Court therefore declines to issue a certificate of appealability.

## ORDER

**IT IS ORDERED THAT:**

1. Rodriguez-Trujillo's § 2255 Motion (Civil Dkt. 1) is **DISMISSED** as untimely.

2. Rodriguez-Trujillo's Petition for Writ of *Coram Nobis* (Civil Dkt. 4) is **DENIED.**

3. Rodriguez-Trujillo's Motion to Proceed *In Forma Pauperis* (Civil Dkt. 5) is **DEEMED MOOT** as there is no fee to file a § 2255 motion.

4. The Court **DENIES** any request for a Certificate of Appealability.   Rodriguez-Trujillo is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1.  To do so, he must file a timely notice of appeal.

5. If Rodriguez-Trujillo files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with

this Order, to the Ninth Circuit Court of Appeals.  The district court's file in this case is available for review online at www.id.uscourts.gov.

6. The Court will enter judgment separately.

DATED: March 28, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court